IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAMON OROZCO-OROZCO,

        Petitioner,

    v.

MARK NOOTH,

        Respondent.

Civil No. 08-392-MO

OPINION AND ORDER

    Bryan E. Lessley
    Assistant Federal Public Defender
    151 W. Seventh Avenue, Suite 510
    Eugene, Oregon 97401

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Lynn David Larsen
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state sentences. Because the Petition for Writ of Habeas Corpus (#3) is successive without Ninth Circuit permission, it is dismissed.

## BACKGROUND

On November 28, 1994, petitioner was convicted of Murder with a Firearm and Unlawful Use of a Weapon with a Firearm resulting in consecutive sentences totaling 30 years in prison. Respondent's Exhibit 101. Following unsuccessful state actions in Oregon's post-conviction relief ("PCR") courts, petitioner filed a 28 U.S.C. § 2254 habeas corpus case in this District on May 7, 2001. *Orozco-Orozco v. Lampert*, CV. 01-658-HU. After evaluating the case on its merits, Judge Hubel recommended that the case be dismissed with prejudice. Respondent's Exhibit 137. Upon review, Judge Redden adopted Judge Hubel's Findings and Recommendation and dismissed the case with prejudice on August 1, 2003. Respondent's Exhibit 138.

Following the U.S. Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004),[1] petitioner filed a second unsuccessful round of state collateral review in Oregon's PCR courts. Thereafter, petitioner filed this second federal habeas

---

[1] In *Blakely*, the Supreme Court concluded that a criminal defendant's Sixth Amendment right to trial by jury was violated when his sentence was increased based upon a factual finding made by a judge rather than a jury.

2 - OPINION AND ORDER

action on March 27, 2008 alleging ineffective assistance of trial counsel based on counsel's failure to object to the imposition of upward departure sentences which were neither pled in the indictment, nor proven to a jury beyond a reasonable doubt. Respondent asks the court to dismiss this case because it constitutes a successive habeas action without permission from the Court of Appeals.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") generally prohibits the filing of "second or successive" habeas corpus petitions. 28 U.S.C. § 2244(b). A habeas corpus petition is considered "second or successive" if a district court adjudicated the first petition on the merits. *Hill v. State of Alaska*, 297 F.3d 895, 899 (9th Cir. 2002). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A petitioner's failure to obtain such permission deprives a district court of jurisdiction. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam).

Where a petitioner seeks permission to file a successive petition, a three-judge panel from the Ninth Circuit will only allow a petitioner to file a second or successive habeas corpus petition if: (1) the petitioner's claim relies on a new

3 - OPINION AND ORDER

constitutional rule made retroactive to cases on collateral review by the Supreme Court; or (2) the factual predicate for the claim could not have been discovered by due diligence, and the facts would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the petitioner guilty of his underlying offense.  28 U.S.C. § 2244(b)(2).

Petitioner concedes that his Petition in this case is successive, but asks this court to conclude that his right to file a successive habeas corpus petition is preserved in the event that the U.S. Supreme Court ever determines that *Blakely* applies retroactively to cases on collateral review.[2]

The AEDPA is very clear that, where there has been an adjudication on the merits, petitioner may not file a successive petition absent permission from the Court of Appeals.  Judge Redden decided petitioner's 2001 case on its merits, and it is uncontroverted that petitioner did not secure the Ninth Circuit's permission prior to filing the instant case.  As a result, this court is not in a position to do anything other than conclude that it lacks jurisdiction over the subject matter.

///

---

[2] Although petitioner makes reference to an allegedly unadjudicated trial court error claim from his 2001 Petition, the claim he references was not explored on its merits only because petitioner elected to abandoned it.  Respondent's Exhibit 136, p. 4 n.2.

4 - OPINION AND ORDER

**CONCLUSION**

The Petition for Writ of Habeas Corpus (#3) is DISMISSED on the basis that it is successive without Circuit permission.

IT IS SO ORDERED.

DATED this  16   day of April, 2009.

                              /s/Michael W. Mosman
                                Michael W. Mosman
                                United States District Judge